The CAPITAL GROUP, INC., a Domestic Corporation, and Douglas Gowan, an individual, Plaintiffs,

v.

GASTON & SNOW, a Foreign Partnership, and Richard Santagati, an individual, and Roger D. Feldman, an individual, Defendants.

No. 91–C–442.

United States District Court, E.D. Wisconsin.

Dec. 9, 1991.

See also 768 F.Supp. 264.

Richard A. Kranitz, Grafton, Wis., for plaintiffs.

Douglas Gowan, pro se.

Friebert, Finerty & St. John by David S. Branch, Milwaukee, Wis., for Santagati and Feldman.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This is a civil action brought on behalf of a Wisconsin corporation named "The Capital Group, Inc." and Douglas Gowan, who is the president and sole shareholder of the corporation. The defendants are a large Boston, Massachusetts, law partnership and two of its individual partners. The lengthy complaint alleges some fifteen claims under the following basic theories: breach of contract, fraud, negligent misrep-

resentation, and racketeering. At its core, the complaint charges that the defendants enlisted the consulting services of the plaintiffs, who provided "substantial and valuable" litigation support services for the defendants, who have failed to pay the plaintiffs as agreed.

The action was assigned to another branch of this court, Senior Judge John W. Reynolds, presiding, where it is now pending. However, on July 25, 1991, in my capacity as duty judge, I presided over a hearing on the plaintiffs' application for the emergency appointment of a receiver.

In support of the application, the plaintiffs proffered affidavits of Mr. Gowan, who stated his *belief* that the defendant law partnership was in the midst of dissolution—suffering from employee and shareholder defections, cutting its staff and other operating costs, and making "accommodations" with its creditors. Mr. Gowan stated his belief that the firm was "technically insolvent on a cash basis." However, to corroborate his personal beliefs, Mr. Gowan proffered a single newspaper article entitled "Summer Turns Chilly at Gaston & Snow," published in the *Boston Globe* on July 9, 1991. The article, itself rank hearsay, consisted almost exclusively of hearsay statements by various persons inside and outside of the defendant law partnership.

The defendants proffered two affidavits of Roger D. Feldman, a partner with the defendant law partnership who had been the chairman of its executive committee, and an affidavit of Cameron Read, who is also a partner of the defendant law firm. In contrast to those of Mr. Gowan, Mr. Feldman's sworn representation was based upon direct personal knowledge. *Cf.* Rule 602, Federal Rules of Evidence. Mr. Feldman represented that certain partners have withdrawn but that the partnership is not "splitting up," that the present lawsuit is the only pending action against the partnership by any creditor or alleged creditor, and that the firm is "current in its obligations to employees." Mr. Feldman further stated that the plaintiffs' reference to

pending lawsuits against the defendant law partnership is inaccurate insofar as the plaintiffs in those actions are not creditors, but rather former employees charging employment discrimination. (Mr. Read described his personal involvement with the defendant partnership's dealings with the plaintiffs and suggested that it was the plaintiffs who have failed to discharge their contractual obligations.)

After examining the evidentiary submissions of the parties, I concluded that the plaintiffs had failed to proffer competent evidence in support of their application. Specifically, I determined that the plaintiffs had utterly failed to demonstrate *with competent evidence* any entitlement to the *extraordinary* relief sought. I found the record devoid of convincing evidence of fraudulent conduct on the part of the defendants. I also found, based on the absence of any competent evidence to the contrary, that there was little chance that the "property in question" would be lost, concealed, injured, diminished in value, or squandered during the pendency of the action.

For that reason, I denied the plaintiffs' application for appointment of a receiver; in addition, I ordered that the plaintiffs pay to the defendants costs in the amount of $500 as terms for proceeding with the action.

On August 13, 1991, Mr. Gowan, filed a pro se motion for reconsideration of my order insofar as it awarded the defendants $500 in costs for opposing his emergency application. That motion was not originally accompanied with evidentiary materials of any sufficiency; however, on November 15, 1991, Mr. Gowan filed a "Supplemental Brief to Support Motion for Reconsideration," and on December 2, 1991, Mr. Gowan filed supplemental evidentiary materials including copies of some of the filings in a related matter now pending before the United States Bankruptcy Court for the Southern District of New York. These materials demonstrate that the defendant law partnership has recently sought the protections of Chapter 11 of the Bankruptcy Code, *see* In Re Gaston & Snow, Case No.

91–B–14594 (Bankr.S.D.N.Y. complaint filed October 11, 1991).

Upon review of these materials, I am satisfied that the defendant law partnership was, indeed, in the midst of dissolution and financial collapse at the time the hearing was conducted, notwithstanding the plaintiffs' failure to meet their burden of demonstrating that fact with competent evidence. Accordingly, in the interests of justice, I will grant Mr. Gowan's motion for reconsideration of my award of monetary terms and will vacate the award of $500 costs to the defendants for opposing the plaintiffs' application for emergency appointment of a receiver.

Therefore, IT IS ORDERED that Douglas Gowan's motion for reconsideration of the award of costs as terms be and hereby is granted.

IT IS ALSO ORDERED that the court's July 25, 1991, order that the plaintiffs pay the defendants costs of $500 as terms to continue with the action be and hereby is vacated.